UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HIGGINS,

               Plaintiff,

-against-

ARAMARK,

               Defendant.

19-CV-3611 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights.[1] By order dated May 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2]

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Plaintiff filed this complaint with four other Plaintiffs under docket number 19-CV-1880. Plaintiff's claims were severed, and their complaints were assigned separate docket numbers.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that the Westchester County Department of Correction has contracted with Aramark to "deliver commissary items." (ECF No. 2 ¶ V.) According to Plaintiff, Aramark sells items "not listed for individual sale," and at "exorbitant prices, way above the actual sale prices." Plaintiff asserts that Aramark also delivers care packages to prisoners through "icaregift.com," and "charge[s] relatives credit/debit cards an additional $10 for shipping & handling where the deliveries are made within the facility." (*Id.*) Plaintiff seeks to be "reimbursed" for the high prices charged for commissary items and for delivery.

## DISCUSSION

Plaintiff asserts that Aramark is charging exorbitant prices for commissary items, and charging family members $10.00 for delivering packages to prisoners within Westchester County Jail. District courts in this Circuit have dismissed similar federal claims against Aramark brought under 42 U.S.C. § 1983. *See Pagan v. Westchester Cnty.,* No. 12-CV-7669 (PAE) (JCF), 2014 WL 982876, at *17 (S.D.N.Y. Mar. 12, 2014) (holding that "price gouging" is not a constitutional violation).[3] There is no constitutional right to a prison commissary, *Mitchell v. City of New York*, 10-CV-4121(PKC), 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011), and claims regarding excessive commissary prices do not arise under the Constitution, *Pagan*, 2014 WL 982876, at *17; *see also Davis v. Sha*w, No. 08-CV-0364 (NRB), 2009 WL 1490609, at *1

---

[3] The Court in *Pagan* declined to reach the issue of whether Aramark is a state actor "with regard to its role as provider and facilitator of the commissary at the Jail." No. 12-CV-7669 (PAE) (SN) (S.D.N.Y. Feb. 3, 2014) (ECF No. 90 at 37 n.7), *Id.* (S.D.N.Y. Mar. 12, 2015) (ECF No. 96) (adopting report and recommendation).

(S.D.N.Y. May 20, 2009) (because a prisoner does not have a constitutional right to use of the prison commissary, any complaints regarding prices and selection do not make out a constitutional violation). While the Court is sympathetic to Plaintiff's complaint regarding the high prices charged for commissary items and delivery, Plaintiff's allegations against Aramark do not state a § 1983 claim for a violation of constitutional rights, and such claims must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (relying on 28 U.S.C. § 1367(c)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).[4]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Some prisoners have also attempted to assert state law claims about Aramark's commissary under unfair or deceptive business practices laws. *See, e.g., Avery v. Helder*, No. 16-CV-5169 (TLB) (W.D. Ark. Jul. 21, 2017) (Report & Recommendation declining to exercise supplemental jurisdiction over "novel" claims that Aramark engages in a deceptive trade practice in violation of Arkansas state law). Because the Court declines to exercise supplemental jurisdiction, it takes no position on whether Plaintiff's allegations could give rise to any claims under New York law.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 20, 2019
        New York, New York

                                              COLLEEN McMAHON
                                             Chief United States District Judge